# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA, | CV F   06-1656 AWI SMS HC |
| Petitioner, | ORDER EXPANDING THE RECORD ON ISSUE OF EQUITABLE TOLLING |
| v. | [Docs. 11, 15, 18, 20] |
| D.G. ADAMS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 23, 2007, Respondent filed a motion to dismiss the petition as time-barred. (Court Doc. 11.) Petitioner filed an opposition on May 29, 2007. (Court Doc. 15.) Respondent filed a reply on September 10, 2007, and Petitioner filed a sur-reply on October 11, 2007. (Court Docs. 18, 20.)

Petitioner contends that he is entitled to tolling based on a state-created impediment and/or equitable tolling due to the closure of the prison law library. In his reply, Respondent contends that,

> there is no evidence that the closure of the library was extraordinary or that the delay was caused by any wrongful conduct. Limited access to the law library was available during the seven month period in which Petitioner failed to file his claim. Further, if the law library is closed or otherwise unavailable to the inmate, the inmate may complete an inmate request form, and the document requested will be sent to them via institutional mail. These circumstances are not extraordinary. There is no evidence that the limited library access was intended to impede Estrada's ability to file a habeas corpus petition. Therefore, there is no basis for

the limitations period to have been equitably tolled.

(Reply, at 3-4.) Respondent does not support his contention with any evidence.

In his sur-reply, Petitioner contends that from April 12, 2006 to November 2, 2006, the law library was under revocation and it was it was completely shut-down. (Sur-reply, at 2.) Petitioner contends that he submitted numerous requests to use the library, but received no response. In his declaration attached to his Opposition of May 29, 2007, Petitioner further states that after receiving no response, he filed two separate inmate grievances, one filed on his behalf and the other was co-filed with other inmates. Both appeals were unanswered. (Declaration, at 1-2, attached to Opposition; Court Doc. 15.) Petitioner states that when he finally obtained a blank federal habeas corpus petition, it was prepared less a week later. (Id. at 2.)

There is insufficient evidence in the record to resolve the issue of whether Petitioner is entitled to equitable tolling based on the closure of the law library. Pursuant to Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court finds the necessity to expand the record.

Accordingly, it is HEREBY ORDERED that:

1. Within twenty (20) days from the date of service of this order, Respondent shall submit any and all evidence bearing on Petitioner's claim for equitable tolling based on the closure of the law library; and

2. Within twenty (20) days from date Respondent submits its evidence, Petitioner may submit a response.

IT IS SO ORDERED.

Dated:   **January 18, 2008**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE