# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA, | CV F   06-1656 AWI SMS HC |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS TIME-BARRED BY 28 U.S.C. § 2244(d) |
| v. | |
| | [Doc. 11] |
| D.G. ADAMS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on November 2, 2006, in the United States District Court for the Eastern District of California, Sacramento Division.  By order of November 16, 2006, the action was transferred to the Fresno Division.  (Court Doc. 3.)

In the instant petition, Petitioner does not challenge his underlying conviction, rather he is challenging a prison disciplinary hearing.  On July 7, 2002, Petitioner was found guilty of possession of inmate manufactured alcohol in violation of California Code of Regulations, title 15, section 3016, subdivision (a). (Exh. 1, Rules Violation Report, dated July 7, 2002.)

On May 6, 2004, Petitioner's administrative appeal was denied at the Director's Level of review.  (Exh. 2, Director's Level appeal decision.)

On April 10, 2005, Petitioner filed a petition for writ of habeas corpus in the superior

court. (Exh. 3, Pet. for Writ of Habeas Corpus, Kings County Superior Court, at p. 6.) The petition was denied on April 22, 2005. (Exh. 4, Denial of Pet. for Writ of Habeas Corpus.)

Petitioner next filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District on July 21, 2005, which was denied on July 28, 2005. (Exh. 5, Denial of Pet. for Writ of Habeas Corpus.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on April 12, 2006. (Exh. 6, Denial of Pet. for Writ of Habeas Corpus.)

On November 2, 2006, Petitioner filed this federal habeas corpus petition.

On March 23, 2007, Respondent filed the instant motion to dismiss the petition as time-barred. (Court Doc. 11.) Petitioner filed an opposition on May 29, 2007. (Court Doc. 15.) Pursuant to this Court's order, Respondent filed a reply to Petitioner's opposition on September 10, 2007. (Court Doc. 18.) Petitioner did not file a sur-reply.

On January 22, 2008, the Court issued an order expanding the record on the issue of tolling. (Court Doc. 21.) Respondent filed a supplement on February 7, 2008, and Petitioner filed an opposition on March 6, 2008. (Court Docs. 22, 23.)

## DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F.

Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on November 2, 2006, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct

1  review became final.  In a situation such as this where the petitioner is challenging a parole board
2  decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations
3  commences when the final administrative appeal is denied.  See Redd v. McGrath, 343 F.3d
4  1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions
5  and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual
6  predicate" of the inmate's claim that triggers the commencement of the limitations period).

7          "Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody
8  pursuant to a state court judgment, even when the petition is not challenging his underlying state
9  court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),
10 *quoting* White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an
11 application for habeas corpus will not be granted unless the adjudication of the claim "resulted in
12 a decision that was contrary to, or involved an unreasonable application of, clearly established
13 Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision
14 that was based on an unreasonable determination of the facts in light of the evidence presented in
15 the State Court proceeding." 28 U.S.C. § 2254(d).  In the context of reviewing parole decisions,
16 due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro
17 v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an
18 "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1,
19 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of
20 qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some
21 evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445,
22 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

23         Here, the statute of limitations triggering date was the Director's Level denial of the
24 administrative appeal issued on May 6, 2004.  This denial was the "factual predicate" for the
25 claim and the triggering event for the statute of limitations.  Redd v. McGrath, 343 F.3d at 1085;
26 Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitations
27 does not begin to run until a petitioner's administrative appeal has been denied).  The statute of
28 limitations began to run the following date, on May 7, 2004, and expired one-year later on May

7, 2005.

C. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

Here, applying the mailbox rule, Petitioner filed his first state habeas corpus petition in the Kern County Superior Court on April 10, 2005.[1] Therefore, at the time of filing the first petition, 338 days of the 365-day statute of limitations had run. The Superior Court denied the petition on April 22, 2005. (Exh. 4, attached to Motion.) As Respondent argues, Petitioner then timely filed petitions in the California Court of Appeal and California Supreme Court. (Exhs. 5 & 6, attached to Motion.) The California Supreme Court denied the petition on April 12, 2006. (Exh. 6, attached to Motion.) Applying the mailbox rule, Petitioner filed the instant petition on October 24, 2006, well over the 67 days that were left in the 364-day statute of limitations. Thus, Petitioner's petition was filed in violation of the statute of limitation and Petitioner is not enough tolling pursuant to 28 U.S.C. § 3344(d).

D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); see also <u>Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert*

---

[1] The Ninth Circuit Court of Appeals held in <u>Saffold v. Newland</u>, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

*denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In order to invoke equitable tolling, as illustrated by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), the litigant must not only demonstrate extraordinary circumstances, he must also show that he diligently pursued his rights in proceeding to federal court.  There, Pace sought equitable tolling for the time in which he exhausted his claims.  The Supreme Court analyzed two separate periods of time when Pace delayed presenting his claims in finding that he lacked diligence with respect to bringing the claims:

> And not only did petitioner sit on his rights for years before he filed his PCRA petition, but he also sat on them for five more months after his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (italics in original; citations omitted).  The Supreme Court found that Pace's delay of several years prior to commencing his final found of state post-conviction review on November 27, 1996, and second delay of five more months after his state remedies were exhausted before filing his federal petition on December 24, 1999, was not due diligence and precluded equitable tolling.  See Pace, 544 U.S. at 410-411, 419.  The Supreme Court clearly required that the petitioner pursue his rights with due diligence at all times prior to the commencement of the action in federal court.[2]

Petitioner argues that he is entitled to equitable tolling based on the closure of the law library and the prison's failure to respond to his request for materials.  The Court does not find Petitioner's argument for equitable tolling persuasive.

Even if the Court assumed that the prison officials failure to comply with and/or respond to Petitioner's request for access to the law library was an extraordinary circumstance, Petitioner has not demonstrated that he diligently pursued his rights throughout the entire limitations period

---

[2] This obligation also applies while pursuing state court remedies as well.  See Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (The obligation to act diligently "does not pertain solely to the filing of the federal petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well.").

6

to warrant relief under the principles of equity. In this instance, Petitioner delayed eleven months before filing his first state habeas corpus petition. Petitioner's claims were fully developed during the administrative review at the prison level and there is no valid justification for such a lengthy delay. See e.g. Rhines v. Weber, 544 U.S. 269, 277-278 (2005) (acknowledging it should not take long to take claims for collateral relief that have already been investigated and prepared to a different court); Melancon v. Kaylo, 259 F.3d 401, 407-408 (5th Cir. 2001) (finding a petitioner did not expediently file his federal habeas petition and therefore would not receive equitable tolling because he waited four months after the state supreme court denied relief before he filed his federal petition); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (finding that petitioner was not diligent and therefore equitable tolling was unavailable because petitioner waited six months after being notified about the denial of his state application before filing his federal petition). Based on Petitioner's own lack of diligence, he is not entitled to invoke the principle of equitable tolling. However, this does not resolve the claim that the prison official's conduct in failing to accommodate and/or respond to his requests for materials amounted to a state-created impediment.

E.  State-Created Impediment

In the alternative, Petitioner argues that the prison's failure to comply with its paging system by failing to accommodate and/or respond to his request for access to the law library to obtain, in addition to other materials, a copy of blank § 2254 form petition and address to the federal court, amounted to a state-created impediment. Based on the evidence before it, the Court finds Petitioner's argument persuasive.

Pursuant to § 2244(d)(1)(B), if a state-created impediment is established, the one-year statute of limitations does not begin to run until after the impediment is removed. 28 U.S.C. § 2244(d)(1)(B). Section 2244(d)(1)(B) pertains to impediments created by state action which violate the Constitution or the laws of the United States. Determinations of whether there was an "impediment" under § 2244(d)(1)(B) are highly fact-dependent. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).

In this instance, Petitioner contends that the law library at California State Prison, in

Corcoran was closed from April 12, 2006 (date California Supreme Court denied petition) to November 2, 2006 (the date the instant petition was filed). (Sur-reply, at 2; Court Doc. 20.) In support of his contention, Petitioner submits a declaration in which he states that he filed several requests to use the law library, to no avail. In addition, Petitioner contends that he filed two inmate grievances, one on behalf of himself and the other filed as a group appeal with other inmates. (See Court Docs. 15, 23, Declaration of Petitioner.) Both appeals were never answered. (Id.) Petitioner states that due to the closure of the library he was unable to obtain a blank federal petition for writ of habeas corpus and the address of this Court to file his federal petition. Petitioner states that when he finally received a § 2254 petition, he filed it within a week. (Court Doc. 15, Declaration of Petitioner, at 1.)

Respondent does not contest the fact of the library closure. Rather, Respondent argues that the library closure did not constitute an extraordinary circumstance, and Petitioner "has provided no actual proof that he submitted numerous requests to use library materials, or that those requests went unanswered. Nor does he provide documentation of his inmate appeals regarding the issue. As such, he has failed to meet the factual burden necessary to support his request for equitable tolling." (Court Doc. 22, Supplement, at 3.) In support of his argument, Respondent attaches a declaration by G. Goddard, Principal at Corcoran State Prison. (Id. at Exhibit 2.) Mr. Goddard states that in 2006, the library at Corcoran was closed for modifications. He indicates that during this time a "paging" system was utilized to assist inmates in acquiring legal materials. It required inmates to "submit a written request specifying the materials he needed. If he needed specific cases, he would list the citations. The law library staff would then take the request and gather the materials requested, and have them delivered to the inmate's cell. It generally took five days to complete an inmate's request. The inmates were allowed to keep materials for two weeks." (Id. at ¶ 3.)

Respondent does nothing more than present evidence, in general terms, of the "paging" system utilized during the library's closure. Respondent does not address or submit any evidence to rebut Petitioner's central claim that prison officials failed to respond and/or accommodate his requests and accompanying inmate grievances prior to the filing of the instant petition. Although

Petitioner has the burden of demonstrating a state-created impediment, he has meet his burden by the submission of evidence, via his own declaration, which remains uncontroverted, and the Court must presume the facts stated therein are true.[3]  See e.g. Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002) (the petitioner's allegations, if uncontroverted, required application of equitable tolling to his federal habeas petition); Whalem/Hunt v. Early, 233 F.3d 1146, 1147-1148 (9th Cir. 2000); See e.g. Egerton v. Cockrell, 334 f.3d 433, 438-439 5th Cir. 2003) (inadequate prison law library constituted a state created impediment under § 2244(d)(1)(B), rejecting the State's argument that because it did not take any "affirmative action" to prevent petitioner from filing his application, § 2244(d)(1)(B) did not apply).  Applying the factual allegations alleged by Petitioner, the state-created impediment was created on April 12, 2006 and was not lifted until Petitioner received a copy of a blank § 2254 form petition, along with the address of this Court, one week before it was filed under the mailbox rule on October 24, 2006, i.e. on October 17, 2006.  As such, the statute of limitations began to run on October 17, 2006, and the instant petition was timely filed on October 24, 2006.[4]  Accordingly, based on this record, the Court must deny Respondent's motion to dismiss the instant petition as time-barred.

## ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as time-barred by 28 U.S.C. § 2244(d) is DENIED; and,

2. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   March 20, 2008**            /s/ Anthony W. Ishii
                              UNITED STATES DISTRICT JUDGE

---

[3] A prisoner has a constitutional right of access to the courts, and such right may be impeded, where as here, the lack of library access "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179-2180 (1996).

[4] As previously stated, 338 days of the limitations period ran prior to the commencement review in the state court and 7 days ran after the state-created impediment was lifted, resulting in 345 days of the limitations period expiring.

9