# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO ESTRADA, | CV F   06-1656 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| D.G. ADAMS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RELEVANT HISTORY

Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a valid judgment and conviction in the Los Angeles County Superior court for carjacking, transportation and sale of marijuana, second degree robbery, and possession of a firearm by a felon.  (Exhibit 1, to Answer, at 2.)  Petitioner is serving a sentence of thirty-two years and eight months.  (Id.)

In the instant petition, Petitioner does not challenge the validity of his conviction; rather, he challenges a Rules Violation Report ("RVR") for possession of inmate manufactured alcohol, issued on June 18, 2002, which resulted in the loss of 120-days of credit.

Petitioner filed a state petition for writ of habeas corpus in the Kings County Superior Court challenging the 2002 disciplinary finding.  The Court denied the petition, finding that

1  Petitioner failed to state a cognizable claim for relief.  (Exhibit 3, to Answer.)

2  Petitioner then filed a state petition for writ of habeas corpus in the California Court of
3  Appeal, Fifth Appellate District.[1]

4  Petitioner filed a petition for writ of habeas corpus in the California Supreme Court,
5  which was summarily denied.  (Exhibits 7 & 8, to Answer.)

6  Petitioner filed the instant federal petition for writ of habeas corpus on November 2,
7  2006.  (Court Doc. 1.)

8  Respondent filed an answer to the petition on July 1, 2008, and Petitioner filed a traverse
9  on September 18, 2008.  (Court Docs. 28, 31.)

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran State Prison, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

### II. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

---

[1] Respondent does not submit a copy of the filings to the state appellate court because the file was lost. (Exhibit 6, to Answer.)

Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

III.     Review of Petitioner's Claims

Petitioner contends that his due process rights were violated because he was not given notice of the prison disciplinary violation so did not attend the hearing or plead guilty to the charges.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a

prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) "Written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense"; (2) "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the disciplinary committee"; (3) "there must be a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action"; (4) "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (5) "where an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." <u>Wolff</u>, 418 U.S. at 564, 566, 570.

Petitioner's due process rights were clearly met in this instance. Petitioner received a copy of the rules violation on June 24, 2002. (Exhibit 4, to Answer.) Petitioner attended the hearing on July 7, 2002, and pled guilty. (Exhibit 5, to Answer.) Following the hearing, Petitioner received a copy of the decision on July 26, 2002. (<u>Id</u>.) Petitioner's contention that another inmate attended the hearing is unfounded. Although there was a clerical error on the disciplinary violation, it was properly determined to be a mere typographical error. The erroneous identification number is referenced only in the heading of the rules violation, and the correct identification number of Petitioner is referenced throughout the body of the documents. (Exhibit 2, to Answer.) Furthermore, the incorrect inmate identification number had a different name and that inmate was released from custody in April 2000, years before the instant disciplinary hearing. Accordingly, because Petitioner received all the procedural due process

4

1  rights entitled under Wolff, his claim is without merit and must be denied.

2      A disciplinary conviction resulting in the loss of good time credits must be supported by
3  "some evidence" to satisfy due process.  Superintendent v. Hill, 472 U.S. at 445.  Under Hill, the
4  relevant question is whether there is any evidence in the record that could support the conclusion
5  reached by the disciplinary board.  Id. at 455-456.  In examining the record, this Court is not to
6  make its own assessment of the credibility of witnesses or re-weigh the evidence.  Id. at 455.
7  Due process is satisfied so long as there is some evidence to support the decision.  Id.

8      "Some evidence" supports the finding of guilt of possession of manufactured alcohol in
9  this case.  On June 28, 2002, a correctional officer observed Petitioner attempting to push a
10 brown paper bag under the door of his cell.  The officer ordered Petitioner to stop and give him
11 the bag.  Petitioner refused and continued to push the bag under the cell door.  The bag was
12 subsequently confiscated and inside there was a brownish liquid with the odor of manufactured
13 alcohol (aka "pruno").  At the rules hearing on July 7, 2002, Petitioner admitted to possession of
14 the brown bag containing pruno and stated, "I had it in my hands."  (Exhibit A, attached to
15 Exhibit 7, of Answer.)

16     Based on the foregoing, the rejection of this claim by the state courts was neither contrary
17 to or an unreasonable application of clearly established Federal law, nor an unreasonable
18 determination of the facts in light of the evidence presented.  See 28 U.S.C. § 2254(d).  The claim
19 should be denied.

## RECOMMENDATION

21     Based on the foregoing, it is HEREBY RECOMMENDED that:

22     1.    The instant petition for writ of habeas corpus be DENIED; and,

23     2.    The Clerk of Court be directed to enter judgment in favor of Respondent.

24     This Findings and Recommendation is submitted to the assigned United States District
25 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
26 the Local Rules of Practice for the United States District Court, Eastern District of California.
27 Within thirty (30) days after being served with a copy, any party may file written objections with
28 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

1  Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served
2  and filed within ten (10) court days (plus three days if served by mail) after service of the
3  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
4  636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
5  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th
6  Cir. 1991).

7    IT IS SO ORDERED.

8  **Dated:   November 24, 2008**           /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE